UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BROWN,<br><br>   Plaintiff,<br><br> v.<br><br>S.H. WONG,<br><br>   Defendant. | Case No. 2:20-cv-01673-JAM-JDP (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO COMPEL DISCOVERY AND TO SET A SETTLEMENT CONFERENCE<br><br>ECF Nos. 24, 25 |

  Plaintiff has filed a motion to compel defendant to produce documents. ECF No. 25. That motion also requests that the court set a settlement conference. *Id*. On December 18, 2020, this case was referred to the court's Post-Screening Alternative Dispute Resolution Project ("early ADR"). ECF No. 22. The action was ordered stayed for 120 days to allow the parties to participate in a settlement conference, which is currently set before Magistrate Judge Dennis M. Cota on February 25, 2021. The December 18 order specifically prohibited the parties from engaging in formal discovery. *Id*. at 3. In light of that order, plaintiff's motion to compel and to set a settlement conference, ECF No. 25, is denied.

  Plaintiff has also filed a second motion requesting the appointment of counsel. ECF No. 24. As previously explained to plaintiff, he does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court

lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not exceptionally complicated.  Further, plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 24, will be denied.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel discovery and to set a settlement conference, ECF No. 25, is denied; and

2. Plaintiff's motion for appointment of counsel, ECF No. 24, is denied without prejudice.

IT IS SO ORDERED.

Dated:   January 6, 2021                                  _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2