UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>S.H. WONG,<br><br>        Defendant. | Case No. 2:20-cv-01673-JAM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR A COPY OF THE JULY 22, 2021 SCHEDULING ORDER AND GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS<br><br>ECF Nos. 63, 64 |

Plaintiff, a former state prisoner, has filed a motion for a sixty-day extension of time to serve responses to defendant's discovery requests. He contends that the extension is necessary because he was recently released from prison and has not yet established a residence.[1]  ECF No. 64. Defendant opposes the motion, arguing that plaintiff has not shown good cause for the requested extension. ECF No. 64; *see* Fed. R. Civ. P. 6(b)(1)(A). Defendant maintains that a thirty-day extension is more appropriate and requests that, should an extension be granted, the scheduling order be modified to provide additional time to complete discovery. *Id*.

---

[1] Plaintiff has since provided the court with a new address, ECF No. 62, but he has not specified whether the address is his residence or simply his mailing address.

Given that plaintiff was recently granted parole and released from prison, I find that there is good cause to grant him additional time to serve his responses. Adjusting to his new living circumstances and ensuring compliance with the conditions of his parole will require time and effort that could otherwise be spent responding to defendant's discovery requests. I agree with defendant, however, that plaintiff has not shown that sixty additional days are necessary. I will therefore grant plaintiff forty-five days to serve his responses, and I modify the scheduling order accordingly.[2]

Plaintiff has also filed a request for a copy of the July 22, 2021 scheduling order. ECF No. 63. Although a prior request for the same order was previously granted, ECF No. 58, plaintiff claims that the envelope he received from the court did not include a copy of the scheduling order, ECF No. 63. In light of that representation, plaintiff will be provided a free courtesy copy of the scheduling order. He is admonished that he will need to pay the required fee for all future requests for copies.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an extension of time to serve responses to defendant's discovery requests, ECF No. 64, is granted.

2. By no later than November 17, 2021, plaintiff shall serve his responses to defendant's interrogatories, requests for production of documents, and requests for admissions.

3. The July 22, 2021 scheduling order is modified as follows:

    a. The deadline for the completion of all discovery, including filing all motions to compel discovery, is extended to February 22, 2022. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than December 20, 2021.

    b. Dispositive motions shall be filed on or before May 23, 2022.

---

[2] Should plaintiff, despite a diligent effort, be unable to complete and serve his responses by the new deadline, he may seek another extension. He is warned, however, that any subsequent motion for additional time must demonstrate that he has been diligently working on providing his responses.

4. Plaintiff's request for a copy of the July 22, 2021 discovery and scheduling order, ECF No. 63, is granted, and the Clerk of Court is directed to send plaintiff a copy of that order.

IT IS SO ORDERED.

Dated:   September 24, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE